UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANELL PERRY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-cv-0372 (KBJ) |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT & RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Janell Perry ("Plaintiff") has filed the instant lawsuit to challenge an Administrative Law Judge's ("ALJ's") denial of an application for disability and supplemental security income benefits that Plaintiff submitted to defendant Social Security Administration ("SSA") in 2004. This Court referred this matter to a Magistrate Judge for full case management on March 19, 2015, and the Magistrate Judge entertained the parties' cross motions for reversal and affirmance. (*See* Mem. in Supp. of Pl.'s Mot. for J. of Reversal, ECF No. 9-1, at 5–9 (asserting that the ALJ failed to giver proper weight to the opinion of Plaintiff's treating physician); Def.'s Mem. in Supp. of Her Mot. for J. of Affirmance & in Opp'n to Mot. for J. of Reversal, ECF No. 10, at 17 (arguing that "substantial evidence supports the ALJ's decision that the integrity of [the treating physician's] process was called into question, and that his opinion was not entitled to a great deal of weight, let alone controlling weight").)[1]

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge, Alan Kay, has filed. (*See* ECF No. 13.)[2] The Report and Recommendation recommends that this Court deny Plaintiff's motion for reversal and grant Defendant's motion for affirmance because, in the Magistrate Judge's view, the ALJ's decision "was supported by substantial evidence in the record and . . . the ALJ correctly applied the law." (*Id.* at 13.) With respect to Plaintiff's particular contention that the ALJ had erred when evaluating the opinion of Plaintiff's treating physician, Magistrate Judge Kay concluded that the ALJ had "thoroughly examined the record" (*id.* at 11) and had properly determined that the physician's opinion was not entitled to great weight due to inconsistencies in the diagnosis and recommendations, and questionable assertions in the physician's findings. (*Id.* at 11–14; *see also id.* at 12 (noting, too, that "[t]he ALJ also took into consideration the fact that [the doctor] was disciplined in 2004, for 'over diagnosing, over treating, and over prescribing medications" (citation omitted)).)

Magistrate Judge Kay's Report and Recommendation also specifically advised the parties that either party may file written objections, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*Id.* at 13.) The Report and Recommendation further advised the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*Id.* at 13–14.) Under this Court's local rules, any party who objects to a Report and Recommendation must file a

---

[2] The Report and Recommendation is attached hereto as Appendix A.

written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. LCvR 72.3(b).

As of the current date—over two months after the Report and Recommendation was issued—no objections have been filed. Moreover, this Court has reviewed Magistrate Judge Kay's Report and Recommendation, and it agrees with the report's analysis and conclusions. Therefore, as set forth in the separate order that accompanies this Memorandum Opinion, the Report and Recommendation of the Magistrate Judge entered in this matter on November 30, 2015, is **ADOPTED** in its entirety, and, accordingly, Plaintiff's Motion for Judgment of Reversal is **DENIED** and Defendant's Motion for Judgment Affirmance is **GRANTED**.

DATE: February 8, 2016

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

**Appendix A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
Janell Perry,
        Plaintiff,         )
    v.                     )
                         )
CAROLYN W. COLVIN,      )      Civil Action No. 15-cv-00372 (KBJ/AK)
Acting Commissioner of         )
Social Security,                 )
        Defendant.       )
_____ )

**REPORT AND RECOMMENDATION**

This case was referred to the undersigned for a Report and Recommendation on Plaintiff's Motion for Judgment of Reversal ("Motion to Reverse") [9] and Memorandum in support thereof ("Memorandum to Reverse") [9-1] and Defendant's Motion for Judgment of Affirmance ("Motion to Affirm") [10] and Memorandum in support thereof ("Memorandum to Affirm") [11]. Plaintiff requests that the Court reverse the December 3, 2014 decision of the Administrative Law Judge denying Plaintiff Janell Perry ("Plaintiff" or "Perry") disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits, or alternatively, that the Court remand this matter to the Social Security Administration, pursuant to 42 U.S.C. §405(g), for a new administrative hearing. (Motion to Reverse at 1). Defendant requests entry of judgment in favor of the Social Security Administration ("SSA") on grounds that the ALJ's conclusion that Perry is not entitled to DIB or SSI benefits under the Act is supported by substantial evidence. (Motion to Affirm at 18).

1

I. **Background**

Plaintiff, Janell Perry, is a 46-year old woman residing in Washington, DC. (Administrative Record ("AR") at 302). Perry has a college degree in sociology with a concentration in criminology, and no additional training. (AR at 159, 637, 670). Perry's past work experience includes work as a social services representative, counselor, and family advocate. (AR 18, 122-24, 159, 672-73).

The Plaintiff was involved in a work-related elevator accident in May, 2003, and injured her right foot and lower back. (Memorandum to Reverse at 3). Plaintiff alleges that she was subsequently diagnosed with chronic pain syndrome, a herniated disc, degenerative disc disease, and lumbar radiculopathy. (*Id.*). Plaintiff maintains that "[c]onservative measures such as physical therapy, epidural steroid injections, and medication have been ineffective in providing lasting pain relief. (*Id.*).

Perry protectively filed an application for Disability Insurance Benefits on July 28, 2004, alleging disability, commencing May 30, 2003, on the basis of a herniated disc and nerve damage.[1] (AR at 16, 116). The Plaintiff's claim was denied initially and upon reconsideration. (AR at 34-36, 38, 39-40). On June 13, 2005, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 16, 44). On October 22, 2007, without giving the claimant a full administrative hearing (AR at 326), the ALJ issued a decision finding that Perry was not disabled under the Act. (AR at 13-30). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Perry's request for review. (AR at 5-7). Perry appealed the case to the United States District Court for the District of Maryland. (AR at 289). On December 13, 2010, the District Court granted the Commissioner's Motion to Remand

---

[1] The application for benefits is not part of the administrative record.

2

pursuant to sentence four of 42 U.S.C. §405(g).  (AR at 291-92).  On February 7, 2011, the Appeals Council remanded the case to the ALJ for further administrative proceedings consistent with the order of the court.  (AR at 289-90).

On October 27, 2011, the ALJ issued a decision finding that Perry was not disabled under the Act, incorporating by reference her earlier October 27, 2007 decision (AR at 326), but without holding a hearing.  (AR at 277-282).  Perry again appealed the case to the United States District Court for the District of Maryland, and, on April 29, 2013, the District Court granted the Commissioner's Motion to Remand pursuant to sentence four of 42 U.S.C. §405(g).  (AR at 321-23).  On August 2, 2013, the Appeals Council remanded the case to another ALJ for further administrative proceedings, noting that the previous "Administrative Law Judge did not allow the claimant to testify or to respond to any of her representative's questions at an administrative hearing prior to issuing an unfavorable decision."  (AR at 326-28).  The Appeals Council ordered that, upon remand, the ALJ will:

- Comply with the Appeals Council's order in accordance with 20 C.F.R. 404.977(b), give proper notice of, and conduct a full administrative hearing in accordance with 20 C.F.R. 404.944 and 404.950, permitting the claimant and/or her representative to present evidence, state the claimant's position, and to ask questions of any witnesses pertaining to the issue of whether the claimant was disabled on or before her date last insured.

(AR at 327).

On April 1, 2014, Perry, who was represented by counsel, and a vocational expert appeared and testified at an administrative hearing.  (AR at 626-86).  On December 3, 2014, an ALJ issued a decision (AR at 302-19), finding that Perry was not disabled from May 30, 2003, her alleged date of disability onset, through December 31, 2008, her date listed for the purposes of DIB (AR at 318-19) (the relevant period), because she could perform other work which exists in significant numbers in the national economy.  (AR at 316-19).  The ALJ stated that:

3

> Based on the testimony of the vocational expert, the undersigned concludes that, through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.

(AR at 318).

Plaintiff now seeks judicial review of the ALJ's decision under 42 U.S.C.A. §405(g). Specifically, Plaintiff seeks either a reversal of the ALJ's decision and a finding of disability as of May 30, 2003, her alleged date of onset, or in the alternative, a remand of the case to the Commissioner for a new administrative hearing.

## II. Standard of Review

Pursuant to Section 205(g) of the Social Security Act, district courts review final decisions of the SSA Commissioner, made through the ALJ, to determine whether there is substantial evidence in the record to support the Commissioner's findings. *See* 42 U.S.C. §405(g); *Smith v. Bowen*, 826 F. 2d 1120 (D.C. Cir. 1987); *Brown v. Bowen*, 794 F. 2d 703 (D.C. Cir. 1986). "The court must uphold the [Commissioner's] determination if it is supported by substantial evidence and is not tainted by an error of law." 826 F. 2d at 1121 (citation omitted); *Butler v Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citation omitted). A district court "is not permitted to reweigh the evidence and reach its own determination," and must confine its review to the determination of whether the decision is supported by substantial evidence. *Maynor v. Heckler*, 597 F Supp. 457, 460 (D.D.C. 1984).

The standard of review in Social Security cases requires that "considerable deference [be given] to the decision rendered by the ALJ and the Appeals Council, [although] the reviewing court remains obligated to ensure that any decision rests upon substantial evidence." *Davis v.*

4

*Shalala*, 862 F. Supp. 1, 4 (D.D.C. 1994).  The reviewing court may not try the case *de novo* but instead must scrutinize the entire record to determine whether the Commissioner's findings are supported by substantial evidence and in accordance with applicable law, in which case they must be treated as conclusive and affirmed.  *See* 42 U.S.C. §405(g); *see also Maynor*, 597 F. Supp. at 460 (the reviewing court may not "re-weigh the evidence and reach its own determination.")

> In *Brown v. Bowen*, the court stated the following:
>
>> Our review in substantial-evidence cases calls for careful scrutiny of the entire record.
>>
>> \*      \*      \*
>>
>> The judiciary can scarcely perform its assigned review function, limited though it is, without some indication not only of what evidence was credited, but also whether other evidence was rejected rather than simply ignored.
>>
>> \*      \*      \*
>>
>> The ALJ is certainly entitled to weigh conflicting opinions and to make his own assessment of their credibility.  We merely hold here that that determination must be made within and according to the governing regulations.

794 F 2d at 705, 708, 709 (citations omitted).  When the ALJ is making findings of fact and resolving conflicts in the evidence, he is not permitted to "merely disregard evidence that does not support his conclusion."  *Martin v. Apfel*, 118 F.Supp.2d 9, 13 (D.D.C. 2000) (citations omitted).

The reviewing court must determine "whether the ALJ has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibit[s]."  *Lane-Rauth v. Barnhart*, 437 F.Supp.2d 63, 65 (D.D.C. 2006) (quoting *Butler*, 353 F.3d at 999) (internal quotation marks omitted).  The broad purposes of the Social Security Act "require a liberal construction in favor of disability" and thus, evidence is viewed in the light most favorable to the

5

claimant. *Davis*, 862 F. Supp. at 4. If the court determines however that the Commissioner's findings are supported by substantial evidence and in accordance with applicable law, they must be treated as conclusive and affirmed. 42 U.S.C.§405(g); *Carnett v. Colvin*, Civil Action No. 12-1848 (CKK), 2015 WL 765944 *12-13 (D.D.C. Feb. 24, 2015); *Smith v Astrue*, 534 F.Supp.2d 121, 134 (D.D.C. 2008).

### III. Determination of Disability

Under the Social Security Act, a disability is defined as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

> \*   \*   \*

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C.A. § 423(d)(1)(A) & (d)(2)(A). A physical or mental impairment is defined as an impairment that results from "anatomical, physiological and psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).

Evaluation of disability claims involves the following five steps to assess: 1) whether the individual is working; 2) whether the individual has a "severe" impairment; 3) whether the impairment meets or equals a listed impairment contained in Subpart P to Appendix 1 to 20 C.F.R., Part 404; 4) the claimant's residual functional capacity ("RFC") and whether the claimant can return to his past relevant work; and if not, 5) whether the claimant can

perform any other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 416.920 (a)(4)(i)-(v).[2]

In the instant case, the ALJ found [at step three above] that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (AR at 308). The ALJ further found that Plaintiff had the RFC to perform light work, there are jobs that the Plaintiff can perform, and accordingly, Plaintiff has not been under a disability from May 30, 2003, the alleged onset date, through December 31, 2008, the date last insured. (AR at 318).

## IV. Analysis of the ALJ's May 30, 2014 Decision

The issue before the undersigned is not whether Perry is disabled but whether the ALJ's decision upon remand is supported by substantial evidence in the record and the ALJ correctly applied the law in reaching his decision. Perry challenged the ALJ's December 3, 2014 Decision on the grounds that the ALJ failed to properly evaluate the opinions of the Plaintiff's treating physician, Hampton J. Jackson, Jr., M.D. (Memorandum to Reverse at 4). The undersigned will begin a review of the ALJ's decision by summarizing the ALJ's disability determination.

### A. Five Steps to Determine Disability

In his December 3, 2014 decision, the ALJ considered the five steps for determining disability, as summarized below.

#### 1. Step 1

The ALJ found that the claimant did not engage in substantial gainful activity during the

---

[2] During these first four steps, the claimant bears the burden of proof. At the fifth and final stage, the burden shifts to the SSA to show that the individual, based upon his age, education, work experience, and residual functional capacity, is capable of performing gainful work. *See Brown*, 794 F. 2d at 706.

period from her alleged onset date of May 30, 2003 through her date last insured of December 31, 2008 or any time thereafter. The claimant had some minor earnings after the alleged disability onset date, but this income does not represent substantial gainful activity. (AR at 308).

### 2. Step 2

The ALJ found that Perry had the following severe impairments: obesity; degenerative disc disease; status/post crush injury to the right foot. (AR at 308). The ALJ explained that these impairments limit the claimant's ability to perform basic work activities more than minimally. (*Id.*). The claimant was also diagnosed with a chronic pain syndrome; however, her pain was evaluated as a part of her back impairment because Plaintiff alleges that her pain comes from her back and radiates to her legs. (*Id.*). The ALJ further found that Perry's hypertension did not support a finding that this imposes more than minimal limitations in her ability to perform basic work activities. (*Id.*). The ALJ also found that Perry did not have a severe impairment of depression. (*Id.*). The Plaintiff's treating sources agreed that any limitation in concentration that Perry may have resulted from her physical pain, and Perry's limitations in this area were mild. (*Id.*).

### 3. Step 3

The ALJ found that, through the date last insured, Perry did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 308). The ALJ explained that neither the Plaintiff's foot impairment nor back impairment meets the orthopedic listing because the Plaintiff has not lost the ability to ambulate effectively and the administrative record does not have positive straight leg test results from both seated and supine positions. (*Id.*). The ALJ

found many inconsistent straight leg results throughout the record, and one clear seated measurement that was negative. (*Id.*).

### 4. Step 4

A claimant's RFC is determined on the basis of relevant medical and other evidence in the record and defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. §404.1545. The ALJ found that, "[a]fter careful consideration of the entire record, the undersigned finds that, at all times relevant to this decision, the claimant had the residual functional capacity to occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, to stand and/or walk for a total of four hours in an eight-hour workday, to sit for a total of eight hours in an eight-hour workday with normal breaks, and to push and/or pull including the operation of hand and/or foot controls as much as she can lift and/or carry, but may only occasionally use foot controls . . . This equates to a wide range of light work and more than a full range of sedentary work as defined in 20 C.F.R. 404.1567(b)." (AR at 309).

The ALJ determined that Perry can "stand and/or walk for 30 minutes at a time," and "can occasionally balance, stoop and kneel, but she can never crawl." (AR at 309). In making these findings, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence at other evidence, based on the requirement of 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p. (*Id.*).

The ALJ, relying on the testimony of a vocational expert, found that Perry is unable to perform any past relevant work as a social services representative, counselor, and family advocate. (AR at 316).

### 5. Step 5

In connection with his Step 4 analysis, the ALJ determined that although Perry was

unable to perform any past relevant work, "considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (AR at 316).

### B. Plaintiff's Challenge to the ALJ's Decision

#### 1. Failure to Properly Evaluate the Opinions of the Treating Physician

Plaintiff asserts that the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Hampton J. Jackson, Jr., M.D., (Memorandum to Reverse at 4), which violates the "treating physician rule." *See Butler v. Barnhart*, 353 F.3d 992, 1003 (D.C. Cir. 2004) ("Because a claimant's treating physicians have great familiarity with [their] condition, their reports must be accorded substantial weight [and] [a] treating physician's report is binding on the fact-finder unless contradicted by substantial evidence.") (internal citations and quotation marks omitted). *See also Williams v Shalala*, 997 F.2d 1494, 1498 (D.C. Cir. 1993) ("Thus, we have previously indicated that an ALJ who rejects the opinion of a treating physician must explain his reasons for doing so.") (citation omitted).

Plaintiff asserts that the ALJ "did not evaluate whether the opinions of Dr. Jackson were entitled to controlling weight. In addition, he did not consider whether these opinions were medical opinions, whether they came from a treating source, whether they well-supported by medically acceptable clinical and laboratory diagnostic techniques, or whether they were inconsistent with other substantial evidence in the record." (Memorandum to Reverse at 7). Based on these accusations, the Plaintiff argues that "the Administrative Law Judge's evaluation of the opinions of Dr. Jackson is erroneous as a matter of law." (*Id.*).

The Defendant maintains that the sole issue on appeal is whether the substantial evidence supports the ALJ's decision that the opinions of Dr. Hampton J. Jackson, Jr., M.D., as the

treating physician, are entitled to a great deal of weight.  (Memorandum to Affirm at 1). Defendant agrees that a treating physician's opinion may be entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and not "inconsistent with the other substantial evidence" in the record.  (Memorandum to Affirm at 16); *see* 20 C.F.R. §404.1527(c)(1) (explaining the weight given to doctors who have a treatment relationship with a claimant).  *See also* 20 C.F.R. §§404.1527(c)(2)&(3) (providing that supportability and consistency with the record as a whole are relevant factors in weighing an opinion).  Defendant notes that if a treating physician's "opinion does not satisfy the specific regulatory criteria to warrant controlling weight, the ALJ may decline to accept it. (Memorandum to Affirm at 16 (citing *Plummer v. Apfel*, 186 F.3d 422,429 (3d. Cir. 1999))).

Defendant argues that "substantial evidence supports the ALJ's decision that the integrity of Dr. Jackson's process was called into question, and that his opinion was not entitled to a great deal of weight, let alone controlling weight."  (Memorandum to Affirm at 17).  Here, the undersigned agrees with the Defendant.  The ALJ's decision makes it clear that he thoroughly examined the record, and rightfully determined that Dr. Jackson's opinion did not deserve a great deal of weight.  (AR at 310-13).  The ALJ noted inconsistencies in Dr. Jackson's diagnosis and recommendations that called the integrity of his opinions into question.  (AR at 310).  For example, the ALJ was skeptical of the fact that Dr. Jackson had repeatedly recommended surgery for Perry, through September of 2004, but after the worker's compensation carrier denied coverage, he suddenly reversed his position, and found that Perry was not a candidate for surgery, and that surgery would actually worsen her condition.  (AR at 310).  The ALJ also considered the fact that Dr. Jackson at one point engaged in advocacy against the doctor who examined Perry for worker's compensation purposes and sought to have him removed from the

11

case. (AR at 310).[3] Third, the ALJ explained that Dr. Jackson claimed to have found clinical evidence of diagnoses that did not exist, determining that Perry's examination was "highly suggestive of acquired spinal stenosis," when the record shows that Perry never had spinal stenosis. (AR at 310). The ALJ considered a January 17, 2006 MRI of the lumbar spine, which was negative for central canal stenosis, (AR at 212, 310), and a December 6, 2013 MRI of the lumbar spine, which was negative for lateral recess foraminal stenosis, (AR at 310, 529, 600), when making this determination. (AR at 310). The ALJ also referenced the opinions of a neurologist at Georgetown University Hospital and an independent medical examiner, who reviewed those MRIs and found no evidence of stenosis. (AR at 310, 517, 619-20).

The ALJ also took into consideration the fact that Dr. Jackson was disciplined in 2004, for "over diagnosing, over treating, and over prescribing" medications. (AR at 310). The ALJ noted other inconsistencies and questionable assertions in Dr. Jackson's findings, including that he found that Perry was to remain off her feet and legs over a year after her foot injury, despite the fact that an October 7, 2003 MRI of the foot showed it to be normal and Dr. Jackson was no longer treating Perry for her foot. (AR at 167, 201, 311). The ALJ also noted that Dr. Jackson repeatedly made notes concerning the Plaintiff's painfully slow gait, but this contradicted the findings of another physician, Dr. McLaren, who noted a normal gait. (AR at 192, 201F, 201G-H, 201J, 201L, 201N, 312, 418). Lastly, the ALJ found that Perry's questionable inconsistent behavioral statements also reduce the weight to be given to Dr. Jackson's disability ratings, because Dr. Jackson based much of the value of the rating on Perry's pain behaviors (such as groaning or grimacing during examinations), which he claimed "authenticates her suffering and

---

[3] The ALJ also noted that counsel did not submit the results of those worker's compensation examinations.

pain." (AR at 190, 192, 313). These facts all contributed to the ALJ's finding that Dr. Jackson's records and opinions would not be given a great deal of weight. (AR at 310).

Accordingly, in light of the ALJ's extensive examination of the record as a whole and Dr. Jackson's records and opinions specifically, and his justified challenges to the credibility and process of Dr. Jackson, the undersigned rejects the Plaintiff's argument that the ALJ failed to evaluate Dr. Jackson's opinions properly.

## V. Recommendation

Plaintiff's Motion for Judgment of Reversal [9] challenges the ALJ's decision on grounds that the ALJ erroneously failed to properly evaluate the opinions of the Plaintiff's treating physician, Dr. Hampton J. Jackson, Jr., M.D. (Memorandum to Reverse at 4). For the reasons set forth herein, the undersigned recommends that Plaintiff's challenges to the ALJ's decision be denied. The undersigned finds that the ALJ's determination of Plaintiff's RCF was supported by substantial evidence in the record and that the ALJ correctly applied the law. Accordingly, the undersigned recommends denying Plaintiff's Motion for Judgment of Reversal [13] and granting the Defendant's Motion for Judgment of Affirmance [14].

## VI. Review by the District Court

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date:   November 30, 2015                              _____/s/_____
                                                                                ALAN KAY
                                                                                UNITED STATES MAGISTRATE JUDGE